# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

JANE DOE,

                    Plaintiff,              Civil Action No.: _____

    -against-

NEW YORK DEPARTMENT OF EDUCATION,

                  Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO PROCEED UNDER PSEUDONYM AND FOR A PROTECTIVE ORDER**

Dated:  August 27, 2025
          Brooklyn, NY

                                              **INCENDII LAW PLLC**
                                              *Attorneys for Plaintiff JANE DOE*

                                              Ann Seifullah
                                              Aurore DeCarlo
                                              195 Plymouth Street, Suite 4-3
                                              Brooklyn, NY 11201
                                              annie@incendiilaw.com
                                              Phone: 646-822-8655

## INTRODUCTION

Plaintiff Jane Doe ("Plaintiff"), by her attorneys, INCENDII LAW PLLC, hereby seeks authorization to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff. In light of the serious nature of the allegations contained in the Complaint as well as sensitive information (workplace sexual abuse) that underlies the relevant allegations, Plaintiff is justifiably concerned about the possibility of acts of reprisal, and the infliction of further harm should her identity be revealed. Plaintiff's identity should not be disclosed to the public due to the nature of the allegations in said Complaint. *See* **Jane Doe Declaration ("Jane Doe Dec.")**, attached to **Plaintiff's Ex Parte Motion to Proceed Under Pseudonym and for Protective Order**. Defendant New York City Department of Education, and its leadership, are aware of Plaintiff's identity – therefore no prejudice will be suffered by the municipal agency in defending against Plaintiff's allegations.

## STATEMENT OF FACTS

JANE DOE ("Ms. Doe"), a twenty-year veteran of the New York City Department of Education ("NYCDOE"), brings this action after enduring years of sexual harassment, sexual abuse and retaliation at the hands of William "Bill" Bassell ("Bassell"), then-principal of the Academy of American Studies ("Academy").

From the outset of her tenure at Academy more than two years ago, Bassell exploited his position of authority to subject Ms. Doe to a pattern of coercive and inappropriate conduct, including thousands of unsolicited text messages, invasive personal comments, and repeated unwanted contact for his own sexual satisfaction.

Despite Ms. Doe's persistent efforts to maintain professional boundaries, Bassell escalated his behavior to multiple incidences of ***unwanted, sexual touching*** of Ms. Doe during school hours

or during school-sanctioned events. When Ms. Doe resisted Bassell's advances and attempted to distance herself, he retaliated by publicly humiliating her, attempting to obstruct her transfer to another school, stripping her of responsibilities and necessary resources, and spreading false rumors about her personal life.

These retaliatory acts intensified after Ms. Doe declined a summer school assignment in March 2025 and culminated in a campaign to force her out of her position at Academy.

Bassell's conduct was not an isolated incident but part of a well-documented pattern of predatory behavior toward female employees, which NYCDOE and the principal's union knowingly ignored for years despite multiple complaints and red flags.

The harassment Ms. Doe endured was compounded by NYCDOE's negligence and deliberate indifference. Even after Bassell's May 2025 arrest for sex crimes involving Ms. Doe, she was required to perform tasks that disregarded her trauma, such as announcing to staff that Bassell was on "reassignment" and comforting colleagues distressed by the news.

Despite Bassell's temporary removal as principal of Academy, the matter is far from resolved. Ms. Doe is a complaining witness in the criminal prosecution of Bassell currently active with the Queens District Attorney. As of the date of this filing, Bassell is charged with six (6) separate sex crimes, including one count of "forcible touching – intimate parts" (NY Penal Law § 130.52) and five counts of "sexual abuse in the 3rd degree" (NY Penal Law § 130.55). Bassell's forcible touching and sexual abuse of Ms. Doe is at the center of that prosecution.

The **Complaint for Damages and Demand for Jury Trial**, attached to this motion, details further the Defendants' conduct, and seeks redress for the harm JANE DOE suffered and will continue to suffer into the future. Plaintiff JANE DOE seeks to maintain anonymity by proceeding by pseudonym, for the reasons explained herein.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 10(a) requires that "all parties" be named in the title of the complaint. *Fed.R.Civ.P.* 10(a). This rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 187 (2d Cir. 2008). Nevertheless, courts have "carved out a limited number of exceptions to the general requirement of disclosure [of names of parties], which permit plaintiffs to proceed anonymously. *Id*. at 189. In determining if proceeding by pseudonym is allowed, the courts balance "the plaintiff's interest in anonymity... against both the public interest in disclosure and any prejudice to the defendant." *Id*. at 189.

The Second Circuit has identified many factors that district courts can consider when determining if a plaintiff should be allowed to proceed by pseudonym, including:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his [or her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his [or her] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 190 (internal quotations and citations omitted).

When making its determination, the "district court is not required to list each of the factors or use any particular formation." *Id*. at 191. What is required is that the district court use its discretion "in the course of weighing competing interests." *Id*. at 191 n.4.

## ARGUMENT

All ten (10) of the factors in the Second Circuit's rule (*Sealed Plaintiff*) favor the district court permitting Ms. Doe to proceed by pseudonym. These factors are considered in order below and are numbered as the decision cited *supra*.

1. **This litigation involves highly sensitive matters of a personal nature.**

This case centers on repeated sexual harassment and non-consensual sexual touching of Plaintiff Ms. Doe (a public-school educator) by her boss (the school principal, "Bassell").

These incidences were reported to criminal authorities, who charged the Plaintiff's assailant with multiple counts under New York Penal Law § 130, which is the section under which sex crimes are codified in New York State law. The specific charges Bassell faces are 130.52 (forcible touching of intimate parts) and 130.55 (sexual abuse in the 3rd degree). Jane Doe Dec. ¶3. Indeed, New York has enacted a law upholding the right of privacy to victims of sexual offenses – most notably in protecting a victim's identity from public disclosure. See *N. Y. Civil Rights Law* § 50-b.

The criminal allegations are germane to Plaintiff's instant civil suit and implicate the most intimate aspects of Plaintiff's personal life and mental health. *Id*. ¶7, 12. It has been the tradition of this court to grant anonymity to protect parties in a wide range of issues involving matters of utmost intimacy, including when the party in question was a victim of sexual violence. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) ); *Grottano v. the City of New York,* 2016 WL 2604803 (S.D.N.Y. Mar. 30, 2016); *Prasad v.Cornell Univ*., 2016 WL 3212079 (N.D.N.Y. Feb.

24, 2016) (permitting identification of alleged victim of sexual violence as "Jane Doe" during proceedings); *Doe v. Penzato*, 2011 WL 1833007 (N.D.Ca. May 13, 2011); Doe v. Evans, 202 F.R.D. 173 (E.D.Pa. 2001); *Doe v. Western Am. Province of the Capuchin Franciscan Friars*, 2015 WL 8770017 (D. Or. Dec. 13, 2015) (allowing the plaintiff to proceed as "Jane Doe" in light of the "accepted practices of the federal courts of the United States, allowing those who have been victims of sexual assault and/or who fear reprisals from the particular litigation to commence cases under assumed names"); *Doe v. Cabrera,* 301 F.R.D. 1 (D.D.C. 2014) (allowing victim of sexual violence to proceed as a "Jane Doe" plaintiff); *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869 (7th Cir. 1997) (indicating that the use of "fictitious names [is] allowed when necessary to protect the privacy of … rape victims…"); *Roe v. St. Louis Univ.,* 2009 WL 910738 (E.D.Mo. Apr. 2, 2009) (allowing rape victim plaintiff to use a pseudonym because plaintiff's privacy interest outweighed the public's right to access judicial records); *E.E.O.C. v. Spoa, LLC.,* 2013 WL 5634337 (D. Md. 9 Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive and personal matter").

This factor strongly favors anonymity because many of Ms. Doe's relevant claims involve allegations legally defined as sex crimes, making her eligible for anonymity under New York State civil rights law. *N. Y. Civil Rights Law* § 50-b.

**2. Identification poses retaliatory risk to Plaintiff.**

Courts have repeatedly recognized that the disclosure of the names of victims of sexual violence makes such individuals susceptible to added ridicule, stigmatization, and further mental and emotional harm. See e.g., *Doe v. Cabrera*, 301 F.R.D. 1, at *5, n. 6 (D.D.C. 2014); *Rose v. Beaumont Indep. Sch. Dist.,* 240 F.R.D. 264, 267 (E.D.Tex. 2007); *E.E.O.C. v. Spoa, LLC.,* 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (finding that ordering the plaintiff to proceed under

her own name "poses needless risk of mental harm" and further finding that "[i]t is not simply that Doe may face embarrassment from… widespread disclosure … but rather she may face psychological harm from having this sensitive experience made permanently available to anyone with Internet access").

At the commencement of this action, Plaintiff is not just employed at the NYCDOE – she is employed at Academy, where Bassell technically remains the appointed principal. Jane Doe Dec. ¶4. Bassell's continued influence within NYCDOE and the principals' union heightens the risk of further retaliation if Plaintiff's identity becomes public. *Id*. ¶5.

Further, at least one other lawsuit has been filed against Bassell and had garnered significant media attention. *Id.* ¶ 15. Jane Doe anticipates that lawsuit will garner attention as well – the difference being that Jane Doe still works within the school where the events took place (*Id*. ¶15) and where faculty, students, parents, and even the media will (understandably) be interested in the identity of Jane Doe. *Id.* ¶13. Allowing her to proceed by pseudonym will help to alleviate the "risk that Plaintiff would be subject to unnecessary ridicule and attention." *Doe v. Colgate Univ.,* 2016 WL 1448829, at *3.

3. **Disclosure would itself inflict the injury litigated against.**

Public identification would exacerbate Plaintiff's emotional distress, which is the primary harm at issue in this case. *Id*. ¶10. Plaintiff wants nothing more than to focus on doing her job well. *Id*. ¶14. She wants to be known among her co-workers and students as an exceptionally talented educator – and does not want to be known as the victim of Bassell's unwanted conduct and sexual contact. *Id*. ¶21. As Plaintiff set forth in her declaration, disclosure of her identity would likely intensify her anxiety and depression related to the claims of her lawsuit. *Id*. ¶10. This would add to her damages and undermine her ability to recover from the damage already done. At this point

in the litigation, Jane Doe's own declaration is sufficient to support this factor, as courts have held that a Plaintiff's declaration is taken as true and is sufficient in support of an application to proceed by pseudonym. *Doe v. Deloitte L Grp. Ins. Plan*, 23 Civ. 4743 (JPC), June 13, 2023 (SDNY).

4. **Plaintiff is particularly vulnerable to the harms of disclosure.**

Although an adult, Plaintiff remains vulnerable due to her continued employment – not just within the NYCDOE, but in the school where Bassell technically remains the principal, and where his allies and influence persist. *Id*. ¶5. The lawsuit will no doubt be the subject of conversation at school, and if Jane Doe is required to proceed by her true name – her minor students will be aware of the sex crimes she is alleging were committed against her by the school principal. *Id*. ¶13, 14.

5. **The suit challenges the actions of a government entity.**

Plaintiff brings claims against the New York City Department of Education, a municipal agency. Courts recognize that anonymity is more readily justified when suing the government because reputational prejudice is diminished. *Sealed Plaintiff* at 192.

6. **The defendant parties are not prejudiced by plaintiff proceeding by pseudonym.**

Defendants are in no way prejudiced if the plaintiff's request to proceed by pseudonym is granted by this court. Defendants already know Plaintiff's identity from her internal and external complaints. *Id*. ¶ 17. Anonymity would be public facing only, and any residual prejudice can be mitigated through protective orders and limited disclosures.

Plaintiff is not seeking to bar her identity from total disclosure to the defendants, rather, she requests "[a]nonymity limited to the pseudonym that [she] uses, not to who [she is] in every other respect. *Sealed Plaintiff,* at 190, citing *James v. Jacobson*, 6 F.3d (4th Cir.1993). Any concerns that defendant parties have regarding access to information during discovery is alleviated by the use of a protective order to "protect plaintiffs' substantial privacy interest while allowing

defendants to efficiently defend against plaintiffs' claim." *Doe v. Strange*, 2016 WL 1168487 at 2. "Other than the need to make redactions and take measures not to disclose plaintiff's identity, Defendant will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006).

**7. Plaintiff's identity has thus far been kept confidential.**

Outside of official channels, such as the Queens District Attorney and confidential investigations internal to the NYCDOE, Plaintiff's identity has not been publicly disclosed in connection with these allegations. *Id*. ¶¶ 6, 9, 17, 18.

**8. There is no public benefit to plaintiff disclosing her name, there is only public harm.**

The Second Circuit has recognized that, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195-96 (E.D.N.Y. 2006) (citing *Doe v. Evans,* 202 F.R.D. 173, 176 (E.D.Pa. 2001)) (emphasis added); *Doe v. Evans,* 202 F.R.D. 173 (E.D. Pa. 2001) (finding that "the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights…").

Disclosure of plaintiff's identity would have no public benefit here. Plaintiff is a public servant -- not a public figure. *Id*. ¶19. The benefit to the public lies in the encouragement and protection of litigants such as plaintiff – not in the forced disclosure of their names. *Id*. ¶20. While courts generally operate on the assumption that openness of proceedings is a public benefit, plaintiff argues that the opposite it true here. *Id*. ¶20. Indeed, the public has a strong interest in protecting her identity so that other victims will not be deterred from reporting sex crimes or seeking remedies for sexual harassment available through civil justice. *See* e.g., *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195-96 (E.D.N.Y. 2006); *Doe v. Cabrera*, 301 F.R.D. 1, at *6-8, n. 9

(D.D.C. 2014) ("[t]his Court agrees that unnecessarily compelling victims of alleged sexual assault to reveal their identities in a case could set forth precedent that has the unintended consequence of discouraging similarly situated victims in the future from reporting"); *Doe v. Evans,* 202 F.R.D. 173, 176 (E.D.Pa. 2001)) (emphasis added); *Doe v. Evans,* 202 F.R.D. 173 (E.D. Pa. 2001)(finding that "the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights…").

Based on the foregoing, in consideration of the balancing of relevant factors, the Court should allow Plaintiff to proceeding anonymously in this matter. The interests of Defendant and/or the public will not be harmed at this early stage of the case if Plaintiff's proceeds under a pseudonym. Plaintiff is prepared to address measures to protect the confidentiality of her identity should the Court require disclosure to the public at a later stage in the proceedings.

**9. Atypically weak public interest in knowing Plaintiff's identity.**

While the facts of this case are scandalous, Jane Doe's exact identity does not need to be disclosed for the legal issues to be resolved. *Id*. ¶20. Therefore, publishing Plaintiff's name would not enhance the public's understanding of the legal questions at stake.

**10. Alternative methods are inadequate.**

Proceeding under a pseudonym is the most effective means to protect her privacy and safety. *Id*. ¶20.

## CONCLUSION

Plaintiff respectfully submits that circumstances exist which support the court concluding that she can proceed by pseudonym and for a protective order to be put in place over the proceedings. Plaintiff respectfully asks for the Court to grant her request in its entirety.

Dated: September 3, 2025
Brooklyn, NY

**INCENDII LAW PLLC**
*Attorneys for Plaintiff JANE DOE*

/s/Ann Seifullah
_____
Ann Seifullah
195 Plymouth Street, Suite 4-3
Brooklyn, NY 11201
annie@incendiilaw.com
Phone: 646-822-8655