**incendii**
civil justice, **together.**

195 Plymouth Street | Suite 4-3
BK NY 11201 | 646-722-8655
www.incendiilaw.com

Annie Seifullah | Founding Partner
annie@incendiilaw.com

March 4, 2026
**VIA CM/ECF**
Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East, Courtroom 6B South
Brooklyn, New York 11201

>       Re:    **Jane Doe v. NYC Dept. of Ed., No. 1:25-cv-04860 (KAM)(RML)**

Dear Judge Matsumoto:

I write respectfully pursuant to the Court's instruction at last week's appearance to further explain why Plaintiff should be permitted to continue proceeding under the pseudonym "Jane Doe." As set forth below, Plaintiff satisfies the standard articulated by the Second Circuit in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), and the considerations raised by the Court do not outweigh Plaintiff's substantial privacy and safety interests.

### I.        **Plaintiff Meets the *Sealed Plaintiff* Standard**

Plaintiff does not seek to restate her full briefing; however, the *Sealed Plaintiff* factors weigh strongly in favor of continued anonymity.

First, Plaintiff's claims arise from alleged sexual misconduct and sex-based harm. Courts in this Circuit repeatedly recognize that allegations of sexual assault or sexual harassment involve "matters of a highly sensitive and personal nature" that justify pseudonymous pleading. *Sealed Plaintiff*, 537 F.3d at 190; see also *Doe v. City of New York*, 201 F.R.D. 100, 102–03 (S.D.N.Y. 2001) (allowing adult plaintiff alleging sexual assault to proceed as Jane Doe due to stigma and privacy concerns).

Second, Plaintiff faces a real risk of professional and personal harm if her identity is disclosed. She remains employed at Academy, within the same institutional environment implicated by this litigation. Courts have found that the risk of workplace retaliation, professional harm, or lasting reputational damage weighs heavily in favor of anonymity. See *Doe v. New York Univ.*, 6 F. Supp. 3d 866, 879–80 (S.D.N.Y. 2014) (adult plaintiff permitted to proceed pseudonymously due to risk of reputational/professional harm).

Third, permitting Plaintiff to proceed under a pseudonym does not prejudice Defendants or undermine the public's ability to understand the proceedings. Defendants are fully aware of Plaintiff's identity and the factual basis of her claims, and the litigation can proceed transparently



1

without attaching Plaintiff's name to allegations of a highly sensitive nature. *Sealed Plaintiff*, 537 F.3d at 191. Importantly, Defendant NYCDOE has taken no position on Plaintiff's request to proceed pseudonymously, further underscoring that anonymity at this stage imposes no unfair burden on Defendants.

## II.      Other Plaintiffs' Choices Do Not Govern Plaintiff's Rights

The Court referenced a separate action in which multiple plaintiffs (harassed and abused at the same school by Mr. Bassell) are proceeding publicly against the NYCDOE **and Mr. Bassell individually**. *Kohn v. NYC Dept of Education, et al* (1:25-cv-04831-KML-RML) ("*Kohn*").

Respectfully, Plaintiff submits that other litigants' decisions to use their real names should not control her entitlement to proceed by pseudonym. Further, the *Sealed Plaintiff* analysis is explicitly individualized. It turns on the specific risks and harms facing the plaintiff before the Court – not on whether similarly situated plaintiffs elected to proceed publicly. See *Sealed Plaintiff*, 537 F.3d 193 (requiring courts to "balance the plaintiff's interest in anonymity against both the public interest in disclosure and any prejudice to the defendant").

Moreover, Plaintiff's circumstances materially differ from most of the plaintiffs in *Kohn*. For example, her claims include sexual abuse under NY Penal Law § 130, which is being actively prosecuted by the Queens District Attorney. She also proceeds solely against an institutional defendant rather than the individual alleged wrongdoer. Courts routinely consider these distinctions relevant in permitting pseudonymity. See *Doe v. Colgate Univ.*, 2016 WL 1448829, at 5(N.D.N.Y. Apr. 12, 2016).

## III.      Adult Plaintiffs Are Routinely Permitted to Proceed as Jane Doe

The Court also noted that Plaintiff is not a minor. Plaintiff respectfully submits that while minors frequently proceed pseudonymously, adulthood is not a bar to Jane Doe status. Indeed, *Sealed Plaintiff* itself involved an adult plaintiff, and courts in this Circuit have repeatedly permitted adult plaintiffs to proceed anonymously where allegations involve sexual misconduct, sensitive personal matters, or a credible risk of retaliation. *Doe v. New York Univ.*, 6 F. Supp. 3d at 879. The governing inquiry is not age, but whether the plaintiff faces harms that outweigh the presumption of openness. Plaintiff's circumstances satisfy that standard.

## IV.      Conclusion

For these reasons, Plaintiff respectfully submits that she satisfies the *Sealed Plaintiff* standard and asks that the Court permit her to continue proceeding as Jane Doe. Plaintiff is grateful for the Court's time and respectfully requests that the Court give this request its strongest consideration.

Respectfully submitted,

Annie Seifullah
Founding Partner
Incendii Law PLLC



2