# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x
JANE DOE,

                                                Plaintiff,    **SETTLEMENT AGREEMENT**

          -against-                                           Case No. 1:25-cv-04860-
                                                              KAM-RML
NEW YORK CITY DEPT OF EDUCATION,

                                                Defendant.
----------------------------------------------------------------------- x

**WHEREAS,** Plaintiff, ███████████, proceeding as Jane Doe ("Plaintiff"), commenced the above-captioned action by filing a Complaint on September 2, 2025, against Defendant, the New York City Department of Education ("DOE"), in the United States District Court for the Eastern District of New York, which was docketed as *Doe v. New York City Dept of Education*, Civil Action No. 1:25-cv-04860, and assigned to the Honorable Kiyo A. Matsumoto, United States District Judge, setting forth the claims for relief upon which the action is based; and

**WHEREAS,** Plaintiff filed an Amended Complaint on March 4, 2026;

**WHEREAS,** the DOE denies the truth of Plaintiff's allegations and all liability arising out of Plaintiff's allegations;

**WHEREAS,** no party is an infant or incompetent for whom a committee has been appointed and there is no person not a party to this proceeding who has any interest in the subject matter of this proceeding; and

**WHEREAS,** the parties now desire to resolve the issues raised in this action without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the parties, as represented below, as follows:

1. The above-captioned action is hereby withdrawn, discontinued, and dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "3" below. A Stipulation of Voluntary Dismissal with Prejudice in the form annexed hereto as Exhibit "A" shall be executed by the parties and filed with the Court without further notice or process.

2. Plaintiff hereby agrees to discontinue this action and to dismiss all claims asserted in this action with prejudice, and without costs, expenses, or fees, and to release the DOE and the City of New York ("City"), all present or former officials, officers, employees, representatives, insurers, affiliates, affiliate employees, or agents of the DOE and the City, any or all of them, and their successors and/or assigns (collectively, the "Released Parties"), excluding only William Bassell, in his individual capacity, from any and all claims, liabilities, and/or causes of action which Plaintiff has or may have against any or all of the Released Parties based on any act, omission, event, or occurrence occurring from the beginning of the world up through and including the date of the execution of this Settlement Agreement, whether known or unknown, including, without limitation, any and all claims which were or could have been alleged by Plaintiff in this action arising out of the events alleged in the pleadings herein, including all claims for costs, expenses, and attorneys' fees.

3. Notwithstanding the foregoing, this Settlement Agreement does not release, waive or otherwise affect any claims Plaintiff has or may have against William Bassell in his individual capacity.

4. In consideration for the actions set forth in paragraphs "1" and "2" above, the City, on behalf of the DOE, hereby agrees to pay Plaintiff the total gross sum of seven hundred thousand dollars and zero cents ($700,000.00) ("Settlement Amount") in full satisfaction of any and all claims that were or could have been raised in this action, including all claims for costs, expenses,

2

and attorneys' fees.  The Settlement Amount shall be made payable by one check to "Incendii Law PLLC, as attorneys for Plaintiff Jane Doe," and the check will be mailed to: Incendii Law PLLC, 175 Pearl Street, First Floor, Suite No. 6217, Brooklyn, NY 11201, c/o Annie Seifullah.  The parties agree that any and all tax liabilities for the Settlement Amount shall be the sole responsibility of Plaintiff and/or Plaintiff's counsel.

4.5.    Plaintiff shall execute and deliver to the DOE's attorney all documents necessary to effect this settlement, including, without limitation, a Stipulation of Voluntary Dismissal with Prejudice, in the form annexed hereto as Exhibit "A," a Waiver and General Release, in the form annexed hereto as Exhibit "B," an Affidavit Concerning Liens, in the form attached hereto as Exhibit "C," and two City of New York Substitute Form W-9s, a copy of which is annexed hereto as Exhibit "D": one executed by Plaintiff and the second executed by Plaintiff's counsel, Incendii Law PLLC.

5.6.    Nothing contained herein or in the Waiver and General Release shall be deemed to be an admission by the DOE, the City, or any of the present or former officials, employees, representatives, affiliates, affiliate employees, and agents of the DOE and/or the City, or any or all of the Released Parties, of the truth of any of the allegations contained in the Complaint or the Amended Complaint, or an admission that the DOE or the City, or any of the present or former officials, employees, representatives, affiliates, affiliate employees, and agents of the DOE and/or the City, or any of the Released Parties, have in any manner or way violated Plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, or regulations of the United States, the State of New York, or the City, or any other rules, regulations, or bylaws of any department or subdivision of the City or the DOE.

6.7.    Nothing contained herein shall be deemed to constitute a policy or practice of the DOE, the City or any of its agencies, or any or all of the Released Parties, or any or all of them.

7.8.    This Settlement Agreement shall not be admissible in, nor is it related to, any other litigation, arbitration, or settlement negotiations, except that this Settlement Agreement may be used by any party in connection with any subsequent action or proceeding relating to enforcement of this Settlement Agreement.

8.9.    Plaintiff acknowledges that she has read the Settlement Agreement and Waiver and General Release, knows their contents, and understands their terms and provisions, and that she has signed the same of her own volition.  Plaintiff and the DOE represent that they have determined that this settlement is fair and reasonable under all the circumstances and that this determination has been based upon their independent judgment after having the opportunity to consult with legal counsel of their choosing and that, in making this determination, they have had an adequate opportunity to discuss and assess the merits of all their claims, potential claims, and defenses. Plaintiff further acknowledges that she has consulted with her counsel, Incendii Law PLLC, prior to signing the Settlement Agreement and Waiver and General Release and voluntarily signs these documents, without duress, coercion, or undue influence and with full understanding and knowledge of their consequences.

9.10.    The parties further agree that no fact, event, evidence, circumstance, or transaction relating directly or indirectly to this action, or which could have been asserted in connection with this action, or which may thereafter be discovered, shall in any manner affect the final and unconditional nature of the settlement.

10.11.    This Settlement Agreement and Waiver and General Release and any other document executed by the parties hereto in furtherance of the purposes of this Settlement

4

Agreement and Waiver and General Release shall be governed by, interpreted, and enforced in accordance with the laws of the State of New York.

11. 12. This Settlement Agreement and Waiver and General Release annexed hereto contain all the terms and conditions agreed upon by the parties and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Settlement Agreement regarding the subject matter of this action shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

12. 13. This Settlement Agreement and Waiver and General Release may be executed in counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same agreement, and shall be deemed fully executed when each party has received at least one counterpart executed by any party. A facsimile or .pdf copy of this agreement shall have the same force and effect as the original. Photocopies, faxed, or scanned images of signatures shall be sufficient to bind such party to the terms of this Settlement Agreement. and the Waiver and General Release.

Dated: New York, New York
         May 4, 2026

**ANNIE SEIFULLAH**
Incendii Law PLLC
*Counsel for Plaintiff*
175 Pearl Street, First Floor, Suite No. 6217
Brooklyn, New York 11201
(646) 722-8655
annie@incendiilaw.com

**STEVEN BANKS**
Corporation Counsel of the City of New York
*Counsel for Defendant*
100 Church Street, Room 2-104
New York, New York 10007
(212) 356-0839
zellis@law.nyc.gov

By: _____
          Annie Seifullah

By: _____
          Zachary T. Ellis, Esq.
          Assistant Corporation Counsel

5

**AGREED TO BY PLAINTIFF JANE DOE (** ███████████████████ **)**

_____        _____
████████████                                Dated

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

JANE DOE,

                                           Plaintiff,

                  -against-

NEW YORK CITY DEPT OF EDUCATION,

                                       Defendant.

------------------------------------------------------------------------- x

**STIPULATION OF**
**VOLUNTARY DISMISSAL**
**WITH PREJUDICE**

Case No. 1:25-cv-04860-KAM-RML

        **IT IS HEREBY STIPULATED AND AGREED,** by and between the parties as represented below, that, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the above-captioned action is dismissed with prejudice and without costs, expenses, or fees of any kind to any party.

        **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts and that faxed or electronic signatures shall be deemed original signatures.

Dated:  New York, New York
          May 4, 2026

| | |
|---|---|
| **ANNIE SEIFULLAH** | **STEVEN BANKS** |
| Incendii Law PLLC | Corporation Counsel of the City of New York |
| *Counsel for Plaintiff* | *Counsel for Defendant* |
| 175 Pearl Street, First Floor, Suite No. 6217 | 100 Church Street, Room 2-104 |
| Brooklyn, New York 11201 | New York, New York 10007 |
| (646) 722-8655 | (212) 356-0839 |
| annie@incendiilaw.com | zellis@law.nyc.gov |

By:  _____
      Annie Seifullah

By:  _____
      Zachary T. Ellis, Esq.
      Assistant Corporation Counsel

# EXHIBIT B

## WAIVER AND GENERAL RELEASE

**KNOW THAT I,** ███████████████, the Plaintiff in the action entitled *Doe v. New York City Dept of Education*, pending in the United States District Court for the Eastern District of New York under Case No. 1:25-cv-04860-KAM-RML ("the Action"), in consideration of the payment to me by the City of New York of the gross total sum of seven hundred thousand dollars and zero cents ($700,000.00), which is specifically inclusive of all attorneys' fees and costs in this action, do hereby waive, release, and discharge Defendant, the New York City Department of Education ("DOE"), its successors and/or assigns, and all present or former officials, officers, employees, representatives, insurers, affiliates, affiliate employees, and agents of the DOE or the City of New York ("City"), any or all of them, and their successors and/or assigns, excluding only William Bassell in his individual capacity, (collectively, the "Released Parties"), from any and all claims, liabilities, demands, obligations, damages, causes of action, and grievances whatsoever of every kind and nature, at law or in equity, whether joint or several, whether known or unknown, and whether or not discoverable that I have or may have against any of the Released Parties based on any act, omission, event, or occurrence occurring from the beginning of the world up through and including the date of the execution of this Waiver and General Release, including, without limitation, (i) any and all claims that were or could have been alleged by me in the Action, including all claims for attorneys' fees and costs; and (ii) any and all other liability, claims, or rights of action that may exist or arise up to and including the date that this Waiver and General Release is signed.

By executing this Waiver and General Release, I acknowledge and agree, in accordance with the Older Workers Benefit Protection Act, 29 U.S.C. §§ 621 *et seq.*, that: (i) I have carefully read this Waiver and General Release and that I enter into this Waiver and General Release

voluntarily and with full understanding and knowledge of its consequences; (ii) I have been advised to consult with an attorney prior to signing this Waiver and General Release and have done so; (iii) I have been provided at least a twenty-one (21) day period to review and consider whether to sign this Waiver and General Release; (iv) I have been advised that I have seven (7) days following execution to revoke it (the "Revocation Period"), that this Waiver and General Release will not be effective and enforceable until the Revocation Period has expired, that such revocation shall only be effective if an originally executed written notice of revocation is delivered to the DOE's counsel on or before 5:00 p.m. on the seventh day after execution of this Waiver and General Release, and that, if so revoked, this Waiver and General Release shall be deemed to be void ab initio and have no force or effect; and (v) I have signed this Waiver and General Release voluntarily, without duress, coercion, or undue influence and with full understanding and knowledge of its consequences.

Notwithstanding anything to the contrary, this Waiver and General Release does not release, waive, or otherwise affect any claims that I have or may have against William Bassell in his individual capacity.

This Waiver and General Release may not be changed, modified, or revoked orally.

**THE UNDERSIGNED HAS READ THE FOREGOING WAIVER AND GENERAL RELEASE, FULLY UNDERSTANDS IT, AND AGREES TO ITS TERMS.**

**IN WITNESS THEREOF,** I have executed this Waiver and General Release this _____ day of _____, 2026.

_____

██████████████

2

On the _____ day of _____, 2026, to me known, and known to me to be the individual described in, and who executed the foregoing WAIVER AND GENERAL RELEASE, and duly acknowledged to me that she executed the same.


_____
**Notary Public**

3

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

JANE DOE,

<table>
<tr><td></td><td>Plaintiff,</td><td><strong><u>AFFIDAVIT</u></strong><br><strong><u>CONCERNING LIENS</u></strong></td></tr>
<tr><td>-against-</td><td></td><td>Case No. 1:25-cv-04860-KAM-RML</td></tr>
<tr><td>NEW YORK CITY DEPT OF EDUCATION,</td><td></td><td></td></tr>
<tr><td></td><td>Defendant.</td><td></td></tr>
</table>

-------------------------------------------------------------------- x

STATE OF _____ }
                         }  ss
COUNTY OF _____ }

███████████████, being duly sworn, deposes and says:

1. I am over eighteen years of age, am the Plaintiff herein, and make this Affidavit in connection with the settlement of this action. My home address is _____. My date of birth is _____. My Social Security number is _____.

2. The City of New York has no outstanding bills or liens against me or my property for treatment received at a New York City Health and Hospitals Corporation facility, nor for the receipt of Workers' Compensation or New York State Disability Benefits.

3. The City of New York has no outstanding bills or liens against me or my property for obligations owed for Parking Violations.

4. I have never been a recipient of public assistance from the New York City Department of Social Services, except SNAP/EBT and rental assistance. I do not owe child support.

5. No tax obligation or judgment is owed by me to the City of New York.

_____
██████████

Sworn to before me this _____ day of _____, 2026.

_____
**Notary Public**

# EXHIBIT D